UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL SWEET,

        Petitioner,               Case No. 1:13-cv-1035

v.                                          Honorable Paul L. Maloney

BONITA HOFFNER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner Michael Sweet presently is incarcerated at the Lakeland Correctional Facility. In 1992, Petitioner pleaded guilty in the Ingham County Circuit Court to assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, for which the trial court sentenced him as an habitual offender to imprisonment of 8 to 20 years. The Michigan Court of Appeals denied Petitioner's applications for leave to appeal on July 15, 1994. Petitioner initially sought leave to appeal in the Michigan Supreme Court, but the parties stipulated to dismiss the application on January 18, 1995.[1]

On April 12, 2011, Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court, alleging (1) "A Lawfully Null and Void Judgment (Jurisdictional defect);" (2) "Separation of Powers;" and (3) "Constructive/Actual Denial of Counsel." (Pet., docket #1, Page ID#3.) The circuit court denied the motion on December 2, 2011. Petitioner filed applications for leave to appeal in both the Michigan Court of Appeals and the Michigan Supreme Court, raising the same two grounds. The Michigan appellate courts denied leave to appeal for failure to demonstrate

---

[1] Petitioner was convicted of other offenses in Ingham County, both before and after the offense being challenged in this petition. In 1981, Petitioner pleaded guilty in the Ingham County Circuit Court to one count of breaking and entering with intent to commit a felony, Mich. Comp. Laws § 750.110, and armed robbery, Mich. Comp. Laws § 750.529, and Petitioner was sentenced to respective prison terms of 6 to 15 years and 6 to 20 years. While on parole in 2008, he was convicted of armed robbery, MICH. COMP. LAWS § 750.529, assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224, and possessing a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Petitioner was sentenced on October 8, 2008 to two prison terms of 16 to 35 years on the armed-robbery and assault-with-intent-to-rob-while-armed offenses, 3 to 7½ years on the felon-in-possession conviction, and 2 years on the felony-firearm conviction. Because he was on parole at the time of each of his subsequent offenses, Petitioner remains in custody on all charges. Petitioner filed a habeas corpus action concerning his 2008 conviction, which remains pending before this Court. *See Sweet v. Howes*, No. 1:11-cv-861 (W.D. Mich.).

entitlement to relief under MICH. CT. R. 6.508(D) on June 8, 2012 and September 24, 2012, respectively.

Petitioner filed the instant habeas application on or about September 18, 2013.[2]

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on September 18, 2013, and it was received by the Court on September 20, 2013. Thus, it must have been handed to prison officials for mailing at some time between September 18 and September 20, 2013. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's application for leave to appeal in the Michigan Supreme Court was dismissed on January 18, 1995. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on April 18, 1995.

Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that a petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, had one year from the effective date, or until April 24, 1997, in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Petitioner did not file his petition until 2013, more than 16 years after the grace period expired. Obviously, absent tolling, his petition is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton*, 256 F.3d at 408. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's habeas limitations period expired in 1997, his collateral motion filed in 2011 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or to allege any facts or circumstances that would warrant its application in this case. He alleges only that he remains incarcerated on the 1992 conviction, so his claims necessarily are timely. Petitioner's sweeping assertion is unsustainable under the express language of 28 U.S.C. § 2244(d)(1), which imposes the statute of limitations, regardless of whether the petitioner remains incarcerated after the period of limitations expires. Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence

in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner makes no claim that he is actually innocent. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).[3]

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: October 30, 2013            /s/ Joseph G. Scoville
                                   U.S. Magistrate Judge

---

[3] Because Petitioner directly challenges his 1992 conviction, not a subsequent sentence that may have been enhanced by his 1992 conviction, I need not address whether his situation falls within the one of the narrow exceptions to the general rule of *Daniels v. United States,* 532 U.S. 374 (2001), and *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001), which ordinarily bars such challenges. In no event does the possible viability of a challenge to a subsequent conviction toll the statute of limitations on the 1992 conviction.

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).