UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SWEET,                              )
             Petitioner,                      )
                           )          No. 1:13-cv-1035
-v-                                         )
                           )          HONORABLE PAUL L. MALONEY
BONITA HOFFNER,                             )
             Respondent.                     )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING HABEAS CORPUS ACTION AS TIME BARRED, and DENYING CERTIFICATE OF APPEALABILITY

Petitioner Michael Sweet, a prisoner under the control of the Michigan Department of Corrections, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Sweet pleaded guilty in 1992 to the crime that is the subject of this petition.  After reviewing the petition, the magistrate judge issued a report (ECF No. 4) recommending the petition be denied as time barred.  The magistrate judge concluded that Sweet's conviction became final in 1995 and that the time to file a § 2254 petition expired on April 24, 1997. Sweet filed an objection.  (ECF No. 5.)  Sweet insists he can demonstrate a radical jurisdictional defect in the state court, rendering the conviction void.  Sweet argues that the jurisdictional defect can be raised at any time.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is

on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

Sweet's objection (ECF No. 5) is **OVERRULED**, and the Report and Recommendation (ECF No. 4) is **ADOPTED**, over objections, as the opinion of this Court.  A void state-court judgment does not does not excuse the running of the one-year statute of limitation imposed on habeas petitioners under the Antiterrorism and Effective Death Penalty Act.  *See Frazier v. Moore*, 252 F.App'x 1, 6 (6th Cir. 2007); *Sales v. Warden, London Corr. Inst.*, No. 1:11-cv-524, 2012 WL 3527226, at * 8 (S.D. Ohio July 17, 2012) (report and recommendation) (collecting cases) *adopted* 2012 WL 3527140 (S.D. Ohio Aug. 15, 2012).

The Court **DENIES** a certificate of appealability.  The Court concludes reasonable jurists would not disagree with this conclusion.  Sweet has not identified any federal authority reaching a different conclusion.  A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam).  A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).  To satisfy this standard, the petitioner must show that reasonable jurists could debate whether the petition should be resolved in a different manner. *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)).

**IT IS SO ORDERED.**

Date:   November 25, 2013                              /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       Chief United States District Judge

2